# REGISTER OF ACTIONS
### CASE NO. C-8864-14-B

| | | |
|---|---|---|
| KENNETH AND SHARON GENTAPANAN VS. ASI LLOYDS | § § § § § | Case Type: Contract - Consumer/Commerical/Debt (OCA)<br>Subtype: Hail Storm 2012 - 370th<br>Date Filed: 12/23/2014<br>Location: 93rd District Court |

---

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| Defendant | ASI LLOYDS | | JAY SCOTT SIMON<br>*Retained*<br>713-403-8210(W) |
| | | | |
| Plaintiff | GENTAPANAN, KENNETH AND SHARON | | Pape Malick Djiab<br>*Retained*<br>956-630-3266(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/23/2014 | Original Petition (OCA)<br>    *PLAINTIFFS' ORIGINAL PETITION, RFD* | | |
| 01/07/2015 | Citation By Certified Mail<br>    *by c/m* | | |
| |     ASI LLOYDS | Served<br>Returned | 01/12/2015<br>01/16/2015 |
| 01/07/2015 | Service Issued | | |
| 01/30/2015 | Answer<br>    *DEFENDANT ASI LLOYDS' ORIGINAL ANSWER* | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** ASI LLOYDS<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/11/2015** | | | 32.00<br>32.00<br>**0.00** |
| 02/02/2015 | Transaction Assessment | | | 32.00 |
| 02/02/2015 | EFile Payments from TexFile | Receipt # DC-2015-7608 | ASI LLOYDS | (32.00) |
| | | | | |
| | **Plaintiff** GENTAPANAN, KENNETH AND SHARON<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/11/2015** | | | 385.00<br>385.00<br>**0.00** |
| 12/23/2014 | Transaction Assessment | | | 385.00 |
| 12/23/2014 | EFile Payments from TexFile | Receipt # DC-2014-111700 | GENTAPANAN, KENNETH AND SHARON | (385.00) |

**EXHIBIT B**

C-8864-14-B
93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**ASI LLOYDS**
**c/o RODNEY D. BUCKER**
**700 NORTH PEARL STREET 25TH FLOOR**
**DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 23rd day of December, 2014 and a copy of same accompanies this citation. The file number and style of said suit being, **C-8864-14-B, KENNETH AND SHARON GENTAPANAN VS. ASI LLOYDS**

Said Petition was filed in said court by Attorney Pape Malick Djiab, 121 N 10th ST McAllen TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of January, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**OMAR ESCAMILLA DEPUTY CLERK**



RECEIVED
JAN 12 2015
By TCCI

CERTIFIED MAIL  7014 1200 0002 0837 5433

# CERTIFICATE OF RETURN
# UNDER RULES 103 T.R.C.P.

This is to certify that on this the 7th day of January, 2015 I, Omar Escamilla, Deputy Clerk of the 93rd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-8864-14-B, KENNETH AND SHARON GENTAPANAN VS. ASI LLOYDS a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 7th day of January, 2015.


LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
**OMAR ESCAMILLA, DEPUTY CLERK**


### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NUMBER C-8864-14-B

| | | |
|---|---|---|
| KENNETH AND SHARON GENTAPANAN | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| vs. | § § | HIDALGO COUNTY, TEXAS |
| ASI LLOYDS | § § § | |
| Defendant | § § | _____ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KENNETH AND SHARON GENTAPANAN (hereinafter referred to as ("PLAINTIFFS"), and files its first Original Petition against DEFENDANT, ASI LLOYDS for cause of action would respectfully show the Court the following:

I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF'S intends to conduct discovery under Level 3.

II. Service of Process

Defendant, ASI LLOYDS, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested to: **RODNEY D. BUCKER 700 NORTH PEARL STREET 25TH FLOOR DALLAS, TEXAS 75201.**

1

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

ASI LLOYDS is in the business of insurance in the State of Texas. The insurance business done by ASI LLOYDS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF'S;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF'S;

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF'S as being an agent for an insurance company with authority to make coverage decisions;

### III. Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

IV.   Facts

ASI LLOYDS and/or its agents committed the actions alleged against PLAINTIFF'S in this complaint. PLAINTIFF'S own the property located at: 1901 W. BRONZE AVE. APT #1, PHARR, TEXAS 78577 Policy NO.: TXL158667; Claim NO.: 284-787-14. ASI LLOYDS provided coverage to the PLAINTIFF'S for such building, personal property, and other matters under ASI LLOYDS insurance Policy No. TXL158667. During the term of said policy, PLAINTIFF'S sustained covered losses in the form of multiple rain/windstorm/hailstorm events including, the hail storm on OCTOBER 18, 2012 in Hidalgo County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF'S promptly reported losses to ASI LLOYDS pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with ASI LLOYDS. PLAINTIFF'S has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of ASI LLOYDS'S conduct.

V.   Conditions Precedent

All notices and proofs of loss were timely and properly given to ASI LLOYDS in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was

3

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

sent to ASI LLOYDS. All of the conditions precedent to bring about this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has occurred and/ or has been performed, ASI LLOYDS have failed and refused to pay PLAINTIFF'S a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFF'S purchased an insurance policy with ASI LLOYDS. PLAINTIFF'S property was damaged by windstorm and water damage, of which are covered under the insurance policy. ASI LLOYDS has denied and/or delayed payment of PLAINTIFF'S covered claims. ASI LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. ASI LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of ASI LLOYDS was irresponsible, and unconscionable. ASI LLOYDS took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. ASI LLOYDS has, by its conduct, breached its contract with the PLAINTIFF'S. The conduct of ASI LLOYDS has proximately caused the injuries and damages to the PLAINTIFF'S.

## VII.   Second Cause of Action: DTPA Violations

PLAINTIFF'S is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, ASI LLOYDS has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFF'S damages:

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

(a) ASI LLOYDS made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b) ASI LLOYDS actions constitute an unconscionable course of conduct entitling PLAINTIFF'S to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) ASI LLOYDS failed to disclose information to PLAINTIFF'S concerning the nature and extent of their insurance policy which was known by ASI LLOYDS at the time for the purpose of inducing PLAINTIFF'S into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, ASI LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF'S to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ASI LLOYDS took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. ASI LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFF'S for which PLAINTIFF'S sues. The conduct of the ASI LLOYDS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, ASI LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## VIII. Unfair Insurance Practices

ASI LLOYDS failed to inform PLAINTIFF'S of material facts such as the true scope of damage and cost to repair. ASI LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFF'S. ASI LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF'S. Further, ASI LLOYDS have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF'S; and have intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which ASI LLOYDS is fully aware. ASI LLOYDS has concealed damage known by them to exist. ASI LLOYDS has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF'S about the damages, ignoring PLAINTIFF'S pleas for help. ASI LLOYDS has failed to warn PLAINTIFF'S of consequential damage to their property.

By its conduct outlined above, ASI LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ASI LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) ASI LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

(2) ASI LLOYDS failed to provide promptly to PLAINTIFF'S a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) ASI LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) ASI LLOYDS breached its duty of good faith and fair dealing at common law;

(5) ASI LLOYDS failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6) ASI LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7) ASI LLOYDS compelled PLAINTIFF'S to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8) ASI LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9) ASI LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10) ASI LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a) ASI LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i) the terms of the policy; and/or

(ii) the benefits or advantages promised by the policy.

(b) ASI LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c) ASI LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d) ASI LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

(f)  Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16).

ASI LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFF'S for which it sues.

IX.  Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to ASI LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, ASI LLOYDS refused to accept the claims in totality and pay the PLAINTIFF 'S as the policy required. At that time, ASI LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ASI LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, ASI LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFF'S. ASI LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

X.  Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF'S gave prompt notice of their claims to ASI LLOYDS. ASI LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claims. ASI LLOYDS reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. ASI LLOYDS investigation and use of adjusters' reports was an "outcome oriented investigation.". ASI LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

(a)  Failing to notify PLAINTIFF'S in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)  Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)  Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF'S are entitled to recover from ASI LLOYDS the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

10

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

PLAINTIFF'S alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF'S has substantially complied and/or is excused. In the alternative, PLAINTIFF'S make the allegation of waiver and/or estoppel as to every defense or exclusion plead by ASI LLOYDS as to any exclusion, condition, or defense pled by ASI LLOYDS, PLAINTIFF'S would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by ASI LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with ASI LLOYDS. In this regard, PLAINTIFF'S would show that their insurance policy was renewed uninterrupted for many years; and

Case 7:15-cv-00063   Document 1-2   Filed in TXSD on 02/11/15   Page 15 of 20

C-8864-14-B

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF'S. In the alternative, ASI LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF'S pleads the doctrine of mutual mistake requiring reformation.

## XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF'S respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF'S such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

## XIII.   JURY DEMAND

PLAINTIFF'S requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

Electronically Filed
12/23/2014 5:17:05 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-8864-14-B

## XIV. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF'S request that ASI LLOYDS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ Pape Malick Djiba.
**PAPE MALICK DJIBA**
State Bar No. 24087430
mdjiba@vgonzalezlaw.com

**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR PLAINTIFFS'*

13

**CERTIFIED MAIL**

Hidalgo County
District Clerk
P.O. Box 87
Edinburg, TX 78540

7014 1200 0002 0837 5433

Return Receipt Requested



RECEIVED
JAN 12 2015
By TCCI

ASI Lloyds
C/o Rodney D. Bucker
700 North Pearl St. 25th Floor
Dallas, TX 75201

Electronically Filed
1/30/2015 3:31:46 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

CAUSE NO. C-8864-14-B

| | | |
|---|---|---|
| KENNETH AND SHARON GENTAPANAN, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS, | § | |
| *Defendant.* | § | 93RD JUDICIAL DISTRICT |

## DEFENDANT ASI LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ASI LLOYDS and files this, its Original Answer, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### ADDITIONAL DEFENSES

Defendant pleads as an additional defense that ASI Lloyds did not provide coverage under a policy of insurance for the property located at 1901 W. Bronze Ave. Apt. #1, Pharr, Texas 78577 ("the Property") on or about October 18, 2012. Therefore, Defendant has no liability as there was no policy in force giving rise to the duties alleged.

### III.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

2149130v1
04098.001

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, and Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

 */s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT**

2149130v1
04098.001

## CERTIFICATE OF SERVICE

I certify that on this 30th day of January, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Pape Malick Djiba
Aloysius Peter Thaddeus
V. GONZALEZ & ASSOCIATES, P.C.
121 N. 10th Street
McAllen, Texas 78501

                                                 */s/ Jay Scott Simon*
                                                 Jay Scott Simon

2149130v1
04098.001